SARAH A. HOGAN *vs.* JOHN T. COONEY *et al.*

JUNE 8, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This is a bill in equity. The complainant, whose money has been embezzled by John T. Cooney, one of three co-executors of a will, is seeking to be subrogated to the rights of legatees, under said will, whose legacies were paid by said Cooney from said money after the funds of the estate had been misappropriated by him. The suit is primarily against the three executors, whose obligations have been satisfied from complainant's funds, and the surety company

which is surety on the bond filed with the probate court for the faithful performance by the executors of their trust in the application of the proceeds of the sale of real estate.

Seventeen legatees were made respondents, but the bill prays that respondents John T. Cooney, Rosetta A. Gorman and William A. Gorman, the three executors, and said surety company, the United States Fidelity & Guaranty Company, be required to pay to the complainant the amount of the obligations of said respondents which have been discharged by funds of the complainant misappropriated as aforesaid. The cause is before us on appeal of said surety company, Rosetta A. Gorman, one of the co-executors, and Beatrice Gorman, one of said legatees, from a final decree of the Superior Court subrogating the complainant to the rights of said legatees to the extent of $6,868.66 plus "interest thereon from December 11, 1925, to date, to wit, $8,946.23," and ordering the three persons who were executors to pay the amount last stated to the complainant, and ordering said surety company to pay to the complainant so much of said amount as shall remain unpaid by said three persons, but not to exceed "the sum of $3,888.77 and interest thereon from December 11, 1925 to date, to wit $5,964.89."

The facts as they appear from the portions of the bill admitted to be true and from the master's report are as follows:

Francis Gorman's will, the will above referred to, was admitted to probate by the Municipal Court of the City of Providence, and respondents John T. Cooney, Rosetta A. Gorman and William A. Gorman were appointed executors and required to file a bond without surety for the faithful performance of their duties as such executors . Said executors qualified by filing their joint and several bond, and letters were issued to them jointly. On November 18, 1924, said executors caused to be filed in said court their inventory showing personal estate in the amount of $3,015; and on the following day filed a petition for the sale of a certain parcel of real estate in order to pay the debts and legacies. A

decree was entered authorizing the sale of said real estate for a sum not less than $6,500 and a joint and several bond in the amount of $7,500 signed by said executors as principal and by the United States Fidelity & Guaranty Company as surety was filed. On December 18, 1924, a deed from said executors to Catherine B. Gorman and Rosetta A. Gorman conveying said real estate and reciting the consideration as $6,500 was signed and acknowledged. This deed, although executed in December, 1924, was not recorded until March 6, 1925. On August 19, 1925, the said executors filed their final account which was not acted upon by the probate court until December 8, 1925, at which time it was allowed. This account shows, as the schedule of assets, personal estate amounting to $3,015; proceeds of sale of real estate $6,500, rents received from real estate $440; interest $237; a total of $10,192. In said account were listed debts and expenses paid to the amount of $2,573.34, legacies to the amount of $6,000 paid to specific legatees, and a distribution to residuary legatees of the residue, showing the total disbursements of $10,192.

In the fall of 1925 the respondent, John T. Cooney, who was an attorney at law, had been representing the complainant in the matter of the estate of her deceased husband, John Hogan. Prior to the death of said John Hogan, he and the complainant had with the Rhode Island Hospital Trust Company a joint participation account which, upon Mr. Hogan's death, became the sole property of the complainant.

Being an elderly woman, inexperienced in business and unable to read or write, she relied upon Cooney to obtain money as she needed it from this account. Cooney, by representing to the complainant that it would be easier for her to obtain money if she permitted him to withdraw a portion of this account and deposit the same in another bank in his name as trustee, secured her signature to a receipt for $7,000. On November 2, 1925, he presented this receipt to said trust company, obtained a cashier's check for the

same amount payable to his order and immediately deposited said check to the credit of his own account with the National Exchange Bank; and on December 3, 1925, he presented to said trust company a receipt, purporting to be signed by the complainant by her mark, acknowledging the receipt from said company of $1,484. By means of this receipt he secured a cashier's check payable to his order for said sum and on the same day deposited said check to the credit of his own account with the said National Exchange Bank.

Although he filed in the probate court an account of the estate of Francis Gorman, showing debts and legacies paid, and although all of the funds of said estate were deposited in said bank in Cooney's personal account, nevertheless, on November 2, 1925, all of the money in said account was withdrawn and the legacies under the will of said Gorman had not been paid. On said date, until the deposit of $7,000 of the complainant's money was made, Cooney's said account was overdrawn in the amount of $4.65. From the sum of $8,484, fraudulently obtained from the complainant, Cooney paid said legacies to the amount of $6,868.66. The complainant seeks to be subrogated in this proceeding to the rights of the legatees who were thus paid with her money.

The respondent United States Fidelity & Guaranty Company, surety on the bond to secure the proper application of the $6,500 received from the sale of the real estate, proved to the satisfaction of the master that the proceeds of said sale to the extent of $2,611.23 were actually paid and disbursed by Cooney for the purposes of the estate, and consequently it was decreed that said company's contingent liability was for only the balance of said $6,500, this is, $3,888.77 and interest.

The questions presented are as follows: (1) Has the complainant a right to be subrogated to the rights of the legatees named as respondents? (2) If the complainant is entitled to be subrogated is she entitled to be subrogated to the rights of said legatees against the three executors or only against Mr. Cooney? (3) If the complainant is entitled to subroga-

tion what are her rights against respondent, the United States Fidelity & Guaranty Company?

The court is of the opinion that this is a proper case for the application of the doctrine of subrogation and that it is not necessary that the complainant first establish her claim in an action at law. See *First Taxing District* v. *National Surety Co.*, 97 Conn. 639; *Newell* v. *Hadley*, 206 Mass. 335; *Moore & Sinott* v. *Watson*, 20 R. I. 495. Most of the authorities cited by respondents before us on appeal involved creditors' bills and hence are not in point.

We have no hesitation in approving the findings of the master as to questions of fact. It cannot be seriously questioned that Cooney obtained the complainant's money and used it to satisfy the obligations of himself and his co-executors, under their bonds, to said estate and said legatees as above set forth. Both the original bond and the bond to sell real estate were joint and several bonds and not merely several bonds as were the bonds in several cases cited by respondents to support the contention that an executor is not liable for the default of his co-executor as to funds in the exclusive control of the defaulting party.

The bonds being joint as well as several each of the co-executors was jointly and severally liable for the default of Cooney. Woerner Am. Law Adm., 2nd ed. Sec. 258; *Municipal Court* v. *Whaley*, 25 R. I. 289; Schouler on Wills, Secs. 2520, 2532.

The surety company became surety on the bond of the co-executors to sell real estate. Had the legatees not been paid by Cooney with complainant's funds, the legatees might have proceeded against said company. The surety company became liable when Cooney embezzled the greater portion of the $6,500 received from the sale of real estate. An obligation of said company was paid with complainant's funds and the complainant is entitled to be subrogated to the original rights of said legatees against said company. Most of the suits of this nature are against surety companies.

The surety company contends that the allowance of the final account of the executors by the Municipal Court is conclusive and consequently that said company's liability has been extinguished.

Section 12, Chap. 370, G. L., 1923, provides that the allowance of the final account shall forever exonerate the executor and his sureties unless his account is impeached for fraud or manifest errors. It could not have been the intention of the statute to release a surety company under facts established in this suit. It is clear that such an account may be opened if obtained by fraud. *Pierce* v. *Probate Court*, 19 R. I. 472; *Williams* v. *Herrick*, 18 R. I. 120; *Hall* v. *Anthony*, 13 R. I. 221; *Sherman* v. *Chace*, 9 R. I. 166.

It is further contended by the surety company that Cooney forged the order for $1,484 and hence that the money so obtained was the money of the bank and not the money of the complainant. It is not disputed that Cooney obtained this money on an order purporting to be signed by the complainant by her mark. If the order was a forgery we think the complainant could, so far as civil rights are concerned, ratify the acts of Cooney. *Crout* v. *DeWolf*, 1 R. I. 393; 21 R. C. L. 927, 928.

As we have above pointed out it was found by the master that $2,611.23 of the $6,500, received from the sale of real estate, had been applied for purposes of the estate and that the surety company was contingently liable to the complainant for only the balance, that is, $3,888.77, plus interest. It is conceded by all parties that at the time of entering the final decree an error was made in computing the interest on said sum and that the amount for which the surety company is contingently liable should be reduced from $5,964.89 to $5,064.89.

The appeal of Rosetta A. Gorman and Beatrice Gorman is denied and dismissed. The appeal of the United States Fidelity & Guaranty Company is sustained and the decree appealed from is modified by inserting in paragraphs 5, 6 and 9 thereof "$5,064.89" in lieu of "$5,964.89." In all other respects said decree is affirmed.

The parties may on June 17, 1931, present a form of decree to be entered in the Superior Court.

*Raymond & Semple, Francis J. Brady, Harold R. Semple,* for complainant.

*George J. West,* for respondents Gorman.

*Terence M. O'Reilly,* for United States Fidelity & Guaranty Co.